# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 19-0015** (Wirt County 14-F-24)

**Randy H.,**
**Defendant Below, Petitioner**

**FILED**

**May 26, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Randy H., by counsel Joseph Munoz, appeals the Circuit Court of Wirt County's December 6, 2018, sentencing order following his convictions of first-degree sexual assault, two counts of sexual abuse by a parent, two counts of incest, and second-degree sexual assault.[1] Respondent State of West Virginia, by counsel Gordon L. Mowen II, filed a response and supplemental appendix.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On June 30, 2014, petitioner was indicted on six sex crimes stemming from the sexual abuse of his daughter: one count of first-degree sexual assault, two counts of sexual abuse by a parent, two counts of incest, and one count of second-degree sexual assault.

Petitioner was tried in August of 2015, and the jury found him guilty of each charge. On October 13, 2015, petitioner appeared for sentencing. The circuit court's order details that, prior to sentencing, petitioner and his counsel "had the opportunity to read and discuss the presentence investigation report [and] the sex offender psychological evaluation and recidivism risk assessment, submitted by the Probation Officer." The court then sentenced petitioner to consecutive terms of incarceration of not less than fifteen nor more than thirty-five years for his

---

[1] Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W. Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

first-degree sexual assault conviction, to not less than ten nor more than twenty years for each of his two sexual abuse by a parent convictions, to not less than five nor more than fifteen years for each of his two incest convictions, and to not less than ten nor more than twenty-five years for his second-degree sexual assault conviction. Petitioner was resentenced for purposes of an appeal on December 6, 2018, and this appeal followed.

Petitioner raises two assignments of error on appeal. First, he claims that he received ineffective assistance of trial counsel due to counsel's delay in retaining an expert witness. Petitioner states that no expert testified on his behalf at trial, and "[t]he record is silent as to why this did not occur. . . . Something must have happened to change this situation." Petitioner "presumes" that the expert was not going to offer favorable testimony, but nevertheless argues that it would have been more beneficial to petitioner to have explored these issues earlier in the proceedings. Petitioner also offers the conclusory statement that "there was no strategic rationale underlying trial counsel's decision not to call such a witness." In further support of his ineffective assistance of trial counsel claim, petitioner asserts that counsel failed to request a sex offender evaluation.

In Syllabus Point 5 of *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995), this Court made explicit that ineffective assistance of counsel claims are governed by the test established in *Strickland v. Washington*, 466 U.S. 668 (1984):

> In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

This Court made equally clear in *Miller*, however, that ineffective assistance claims are generally inappropriate for disposition on direct appeal because "intelligent review is rendered impossible because the most significant witness, the trial attorney, has not been given the opportunity to explain the motive and reason behind his or her trial behavior." *Id.* at 14-15, 459 S.E.2d at 125-26. In particular, when a petitioner "relies on strategic and judgment calls of his or her trial counsel to prove an ineffective assistance claim, the [petitioner] is at a decided disadvantage" because "an appellate court simply is unable to determine the egregiousness of many of the claimed deficiencies" without an adequate record, and

> we have held with a regularity bordering on monotonous that if the record provided to us on direct appeal proves to be so deficient as to preclude us from reaching a reasoned determination on the merits of the ineffective assistance claim, it is the defendant who must bear the brunt of an insufficient record on appeal.

*Id.* at 15, 459 S.E.2d at 126. Therefore, "[i]neffective assistance of counsel claims raised on direct appeal are presumptively subject to dismissal." *State v. Miller*, 197 W. Va. 588, 611, 476 S.E.2d 535, 558 (1996) (citing *Miller*, 194 W. Va. at 14-17, 459 S.E.2d at 125-28).

Petitioner's ineffective assistance of counsel claim related to an expert witness is precisely the type of claim that cannot be addressed on direct appeal. "What defense to carry to the jury, *what witnesses to call*, and what method of presentation to use is the epitome of a strategic decision, and it is one that we will seldom, if ever, second guess." *Miller*, 194 W. Va. at 16, 459 S.E.2d at 127 (emphasis added). Yet, petitioner asks this Court to second guess counsel's decision despite acknowledging that the record is silent as to why an expert was not ultimately called. As in *Miller*, "[i]t is apparent that we intelligently cannot determine the merits of this ineffective assistance claim without an adequate record giving trial counsel the courtesy of being able to explain his trial actions." *Id.* at 17, 459 S.E.2d at 128.

Petitioner's ineffective assistance of counsel claim concerning counsel's purported failure to request a sex offender evaluation, however, is capable of resolution because the record plainly shows that the court, before sentencing petitioner, "determined that [petitioner] and his counsel have had the opportunity to read and discuss . . . the sex offender psychological evaluation and recidivism risk assessment." Accordingly, there is no merit to petitioner's contrary claim that no report was obtained.

In petitioner's second assignment of error, he claims that his "sentence was more severe [than expected] and therefore disproportionate." In support, petitioner cites to his sons' sentencing orders, which reveal that their sentences, in the aggregate, are shorter than petitioner's aggregate sentence.[2]

"Article III, Section 5 of the West Virginia Constitution, which contains the cruel and unusual punishment counterpart to the Eighth Amendment of the United States Constitution, has an express statement of the proportionality principle: 'Penalties shall be proportioned to the character and degree of the offence.'" Syl. Pt. 3, *Wanstreet v. Bordenkircher*, 166 W. Va. 523, 276 S.E.2d 205 (1981) (citation omitted). Although this Court's proportionality standards "theoretically can apply to any criminal sentence, they are basically applicable to those sentences where there is either no fixed maximum set by statute or where there is a life recidivist sentence." *Id.* at 523, 276 S.E.2d at 207, syl. pt. 4, in part. Finally, "[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982).

The Legislature has established fixed maximum sentences for the crimes of which petitioner was convicted, and no life recidivist sentence was imposed.[3] Furthermore, petitioner's

---

[2] We note that the sentencing orders also reveal that his sons were convicted of half as many sex crimes as petitioner.

[3] The statute in effect at the time petitioner committed first-degree sexual assault provided for a sentence of "not less than fifteen nor more than thirty-five years." W. Va. Code § 61-8B-3(b) (2000). Petitioner was convicted of sexual abuse by a parent for acts committed in 2004 and 2013. Under the versions of West Virginia Code § 61-8D-5 in effect when the crimes

(continued . . . )

sentences were within statutory limits,[4] and he does not argue that his sentences were based on an impermissible factor. Accordingly, his sentences are not subject to appellate review.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** May 26, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

**NOT PARTICIPATING:**

Justice Margaret L. Workman

---

were committed, the sentence was incarceration for "not less than ten nor more than twenty years." *See id.*, § 61-8D-5(a) (1998) and § 61-8D-5(a) (2010). An individual who commits incest is subject to a term of incarceration of "not less than five years nor more than fifteen years." *Id.*, § 61-8-12(c) (1994). Finally, for second-degree sexual assault, the statutory penalty includes a term of incarceration of "not less than ten nor more than twenty-five years." *Id.*, § 61-8B-4(b).

[4] *See supra* note 3.